UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GOODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 4:22-CV-452 PLC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Michael Goodwin for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915. Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which

is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

## The Complaint

Plaintiff Michael Goodwin brings this action against the United States of America for monetary damages and injunctive relief pursuant to 42 U.S.C. § 1983. Plaintiff's allegations arise out of *United States v. Goodwin*, No. 4:01-CR-173-CEJ (E.D. Mo.), a criminal action in which he was a named defendant.

Plaintiff asserts, "The District Court Eastern Division failed to explain to the U.S. Appeals Court how my relevant conduct was calculated." Plaintiff states that he was kept in prison an extra

thirty-one (31) months while other inmates received a reduction in sentence. He additionally claims that the District Court "refused to explain how his sentence was calculated even after the Government conceded that the plea agreement lacked specificity."

Plaintiff seeks, "for the District Court to explain how my relevant conduct was calculated and compensation for the extra 31 months I served."

## Procedural Background

### A. Criminal Background

On September 7, 2001, Goodwin pled guilty to Count I of the indictment which charged him with conspiracy to possess with intent to distribute more than 500 grams of cocaine and more than 50 grams of cocaine base in violation of 21 U.S.C. § 846. *United States v. Goodwin*, 4:01CR173 CEJ (E.D. Mo.).[1] In the plea agreement, Goodwin stipulated that he was responsible for 15 to 50 kilograms of cocaine, "including relevant conduct."

The plea agreement listed nine events that occurred during the course of the conspiracy in which cocaine or cocaine base was found, and it provided that these events could be considered relevant conduct. At sentencing, Goodwin objected to the inclusion of the nine events as relevant conduct in the presentencing report ("PSR"). But the objection was overruled because Goodwin had stipulated to being responsible for 15 to 50 kilograms of cocaine.

---

[1] Goodwin was charged as part of a large drug conspiracy case involving fourteen (14) defendants. The indictment consisted of ten (10) counts. All fourteen defendants were charged in Count I. Counts II through VIII described certain drug transactions committed by certain individuals involved with the conspiracy. Plaintiff was also specifically charged in Count VII, which charged him with possession with intent to distribute cocaine, but then listed a quantity of cocaine base. Plaintiff was sentenced by the Honorable Carol E. Jackson on November 30, 2001. After Judge Jackson retired from the federal bench, the Honorable Rodney W. Sippel was assigned plaintiff's criminal action.

According to the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for more than 15 and less than 50 kilograms of cocaine was 34. U.S.S.G. § 2D1.1(a)(3). The Court applied this guideline and after adjustments, determined that Goodwin's total offense level was 31. With a criminal history category of II, the guideline was 121 to 151 months' imprisonment. Goodwin was ultimately sentenced to a term of 151 months' imprisonment on November 30, 2001. Count VII, which charged Goodwin with possession with intent to distribute more than 50 grams of cocaine base, was dismissed pursuant to the plea agreement at the time of sentencing.

In May 2008, plaintiff moved the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the U.S.S.G., which lowered the base offense level for offenses involving cocaine base. The Court denied the motion after finding that Goodwin's sentence was based on cocaine, not cocaine base. In August 2010, the Eighth Circuit Court of Appeals remanded plaintiff's case to this Court for findings of fact regarding the calculation for the quantity of drugs and whether such calculation included cocaine base making Goodwin eligible for a sentence reduction under the amended guidelines. Upon remand, the Honorable Judge Carol E. Jackson made specific findings of facts regarding the drug calculations underlying Goodwin's sentence and found that "[p]ursuant to the above findings of fact, the Court finds defendant is not entitled to a reduction pursuant to § 3582(c)(2) and the amendments to the sentencing guidelines because he was not sentenced based on any amounts of crack cocaine." The Order further clarifies that "[t]he defendant's sentence was based on cocaine (powder) and was not based on any amount of cocaine base. Therefore, he is not eligible for a sentence reduction. *United States v. Goodwin*, 4:01CR173 CEJ (E.D. Mo.), Docket No. 654. The judgment of the Court was summarily affirmed on appeal. *United States v. Goodwin*, No. 11-1080, (8th Cir. February 23, 2011).

Plaintiff has continued to file motions in his criminal action seeking to overturn his conviction and sentence. On August 2, 2011, Goodwin filed a motion for reduction of sentence pursuant to 18 U.S.C. 3582(c)(2). *United States v. Goodwin*, 4:01CR173 CEJ (E.D. Mo), Docket No. 696. On September 12, 2011, Goodwin filed a motion requesting the Court to take judicial notice of an adjudicated fact which reasserted his drug quantity miscalculation theory. Docket No. 699. Both motions were denied by the Honorable Carol E. Jackson in October of 2011. *See* Docket Nos. 702 and 703.

On November 14, 2011, Goodwin filed a motion for reconsideration, which was also denied on February 7, 2012. *Id.* at Docket Nos. 704 and 705. Goodwin filed another appeal on February 22, 2012, and the Eighth Circuit summarily affirmed Goodwin's sentence. *United States v. Goodwin,* No. 12-1437 (8th Cir. 2012).

On July 10, 2012, Goodwin filed a motion for retroactive application of sentencing guidelines to crack cocaine offense pursuant 18 U.S.C. 3582. He asserted that he was entitled to relief under the Fair Sentencing Act of 2010, which was denied on January 15, 2013. *See* Docket Nos. 719 and 738. On October 21, 2013, Goodwin filed a motion to withdraw his guilty plea due to his claim of drug quantity miscalculation, which was denied on December 16, 2003. Docket Nos. 740 and 746. Goodwin filed a motion for reconsideration of the order on December 27, 2013, which was denied on February 3, 2014. *Id*. at Doc. Nos. 747 and 748. Goodwin appealed the Court's Order on February 7, 2014, and the Eighth Circuit summarily affirmed the District Court's ruling on May 8, 2014. *United States v. Goodwin*, No. 14-1386 (8th Cir. 2014).

## B. Collateral Attacks on Goodwin's Criminal Sentence

On November 5, 2022, Goodwin filed a motion to vacate brought pursuant to 28 U.S.C. § 2255. *Goodwin v. United States*, No. 4:02-cv-1709 DJS (E.D.Mo.). Goodwin argued that his counsel was ineffective for failing to file a motion for competency review and determination. Goodwin argued that he suffered from "seizure disorder, pain disorder and schizophrenic disorder." He also asserted that the Court violated his due process rights by taking his guilty plea without an adequate determination of his competence to plead, and that his diminished capacity warranted a downward departure from the sentencing range prescribed by the Sentencing Guidelines. The Court addressed the merits of Goodwin's arguments and denied and dismissed his motion to vacate on April 16, 2003. *Id.* The Eighth Circuit Court of Appeals denied Goodwin's application for certificate of appealability on October 31, 2003. *Goodwin v. United States*, No. 03-2687 (8th Cir. 2003).

On January 9, 2009, Goodwin filed a petition for writ of mandamus against the Chief of the United States Probation Office Doug Burris attempting to assign blame against the Probation Office for its handling of defendant's objections to the Presentence Report. *Goodwin v. Burris,* No. 4:09-cv-0083 DJS (E.D.Mo). In a thorough opinion recounting the history of Goodwin's criminal matter, the District Court denied Goodwin's application for writ on February 12, 2009. *Id.*

On November 17, 2011, Goodwin filed a petition for writ of mandamus against John G. Ross, a Senior United States Probation Officer. *Goodwin v. Ross*, No. 4:11-cv-2032 DDN (E.D.Mo.). The District Court denied the application for writ on February 7, 2012. *Id.*

On January 4, 2016, Goodwin filed a petition for writ of error coram nobis, seeking to have his federal judgment vacated. He argued that his criminal judgment should be vacated because the indictment was defective and because his plea agreement was ambiguous. *Goodwin v. United States*, 4:16-cv-0007 SNLJ (E.D.Mo.). The Court denied his petition for writ of error coram nobis on the merits on January 28, 2016. *Id.* The Eighth Circuit Court of Appeals summarily affirmed the denial of the petition on March 8, 2016. *Goodwin v. United States*, No. 16-1368 (8th Cir. 2016).

On January 2, 2018, Goodwin filed a second petition for writ of error coram nobis, seeking to have his federal judgment vacated. *Goodwin v. United States*, No. 4:18-cv-0011 CDP (E.D.Mo). Goodwin argued that the indictment was defective because it was the conspiracy count that derived from all of the other dismissed counts. He asserted that he could not have plead guilty to Count I of the indictment or stipulated to the relevant conduct without the effects of Count VII. The Court denied and dismissed the petition for writ on March 13, 2018. *Id.*

On July 9, 2019, Goodwin filed his third petition for writ of habeas corpus seeking to have his federal judgment vacated. *Goodwin v. United States*, No. 4:19-cv-1893 HEA (E.D.Mo.). In his application for writ, Goodwin asserted that he had newly discovered evidence allowing him to file his action. According to Goodwin, the newly discovered evidence was contained on page 9 of the government's appeal brief in his criminal case wherein the government stated, "the defendant correctly states that there is a lack of specificity as to how the quantity was reached."[2]

---

[2]The Court pointed out in its Memorandum and Order issued on February 16, 2021, that the government initially unequivocally stated in the first sentence of its Appeal Brief that "no cocaine bases was considered in determining defendant Goodwin's sentence. There was no evidence that he was involved with cocaine base." The government further stated that the formula Goodwin proposed was "pure speculation. The defendant converts the quantities of cocaine base listed in the statement of facts and arrives at a figure within the 15 to 50 kilograms. No such conversion was ever made in determining Goodwin's guidelines."

–7–

Goodwin's application for writ was fully briefed in front of the Honorable Henry Edward Autrey. On February 16, 2021, the Court found that Goodwin's arguments were previously raised by him and addressed by this Court on numerous occasions. Accordingly, the Court denied the application for writ. *Id.* The Eighth Circuit Court of Appeals summarily affirmed the denial of the petition on June 28, 2021. *Goodwin v. United States*, No. 21-1759 (8th Cir. 2021).

### C. Civil Rights Actions Related to Goodwin's Criminal Case

On April 3, 2013, Goodwin filed a civil rights action brought pursuant to 42 U.S.C. § 1983 against the United States Government, the Honorable Carol Jackson, Assistant United States Attorney Antoinette Decker and United States Probation Officer John Ross. He alleged that he was misled into pleading to two different types of illegal drugs (crack and cocaine) and fraudulently sentenced to 151 months in prison. *Goodwin v. United States*, No. 4:13-cv-636 CDP (E.D.Mo). Plaintiff additionally claimed that Judge Jackson unlawfully refused to release him from his sentence. The Court denied and dismissed Goodwin's § 1983 action on April 30, 2013. *Id.*

On September 10, 2017, Goodwin filed a civil rights action brought pursuant to 42 U.S.C. § 1983 against the Honorable Carol Jackson and attorney Richard Sindel. *Goodwin v. Jackson*, No. 4:17-cv-2556 RLW (E.D.Mo). He alleged that he was bringing a "charge of felony obstruction of court orders" against Judge Jackson because she denied his request for exoneration due to a defective indictment. Goodwin also asserted that Sindel, his appointed attorney, obstructed court orders and failed to present certain arguments in his criminal case on his behalf. The Court denied and dismissed Goodwin's § 1983 action on November 21, 2017. *Id.* The judgment was summarily affirmed by the Eighth Circuit Court of Appeals on January 5, 2018. *Goodwin v. Jackson*, No. 17-3699 (8th Cir. 2018).

On April 30, 2018, Goodwin filed a civil rights action brought pursuant to 42 U.S.C. § 1983 against the Honorable Catherine D. Perry, Probation Officer John Ross and Assistant United States Attorney Antoinette Decker. *Goodwin v. Perry*, No. 4:18-cv-677 JCH (E.D.Mo). Goodwin asserted that the Court should move to reconsider its decision to deny his application for writ of error coram nobis. The Court denied and dismissed Goodwin's § 1983 action on July 25, 2018. *Id*.

## Discussion

Plaintiff's complaint will be dismissed as legally frivolous. This action is duplicative of the prior actions filed in this Court by plaintiff. The Eighth Circuit has held that a complaint that is duplicative or repetitive of another complaint previously dismissed in forma pauperis is frivolous. *Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992). To that end, plaintiff's complaint is subject to dismissal. Plaintiff's complaint is also legally frivolous.

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a plaintiff must first prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). Because plaintiff does not allege, nor does it appear, that his conviction or sentence has been reversed, expunged, invalidated, or called into question, his claims are barred by the United States Supreme Court's holding in *Heck*, and this action will be dismissed accordingly.

Additionally, to the extent the Court could construe plaintiff's complaint as stating a claim under the Federal Tort Clams Act (FTCA), his suit is barred by the two-year statute of limitations. *See T.L. ex rel. Ingram v. United States*, 443 F.3d 956, 961 (8th Cir. 2006). Further, plaintiff's

allegations against the United States are barred by the doctrine of sovereign immunity. "To sue the United States, [a plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. P'ship v. Dep't of Hous.and Urban Dev.*, 235 F.3d 1109, 112 (8th Cir. 2000). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed" by Congress. *United States v. King*, 395 U.S. 1, 4 (1969). And to the extent that plaintiff brings claims against the United States outside the context of the FTCA, he has not shown any waiver of the doctrine of sovereign immunity.

Finally, although plaintiff has not named the judge of his criminal case, Carol E. Jackson, as a defendant in this action, each allegation in the complaint states how the judge has allegedly wronged plaintiff. Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). A judge acts in his judicial capacity when he exercises control over his courtroom. *See Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966) ("the courtroom and courthouse premises are subject to the control of the court"). Plaintiff's allegations do not show that the judge acted outside of her jurisdiction, and the judge is entitled to absolute immunity.

The Court finds that plaintiff's claims are legally frivolous and will be dismissed pursuant to § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to take notice of adjudicated facts [ECF No. 4] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [ECF No. 7] is **DENIED AS MOOT.**

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of May, 2022.

                                              HENRY EDWARD AUTREY
                                              UNITED STATES DISTRICT JUDGE