# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL GOODWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  4:22-CV-452 PLC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This closed case is before the Court on self-represented plaintiff Michael Goodwin's motions for reconsideration of the dismissal of his civil rights action. On May 3, 2022, the Court granted plaintiff's motion to proceed *in forma pauperis* and dismissed this action pursuant to 28 U.S.C. § 1915(e)(2)(B). On May 10, 2022, and May 17, 2022, plaintiff filed two motions for reconsideration of that dismissal. [ECF Nos. 10 and 11]. For the reasons discussed below, the Court will deny plaintiff's motions for reconsideration.

As discussed in the Court's May 3, 2022 Memorandum and Order, plaintiff's current action is duplicative of at least nine prior civil actions and seven prior criminal motions brought before this Court in which he has attempted to litigate his 2001 criminal conviction and sentence. The Eighth Circuit has held that a complaint that is duplicative or repetitive of another complaint previously dismissed *in forma pauperis* is frivolous. *Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992). And several of plaintiff's prior actions brought *in forma pauperis* were dismissed as legally frivolous.[1]

---

[1] The Court alternatively dismissed plaintiff's complaint as legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and under immunity grounds.

Despite these findings, plaintiff seeks reconsideration of the dismissal of his action, asserting that the Court "misquoted the record" and failed to follow established law.[2]

Plaintiff's criminal action was reassigned to Judge Jackson on or about January 18, 2011, after the Eighth Circuit Court of Appeals remanded plaintiff's § 3582 motion brought pursuant to Amendment 706 to the United States Sentencing Guidelines to this Court for findings of fact regarding the calculation for the quantity of drugs and whether such calculation included cocaine base. *See United States v. Goodwin*, 4:01CR173 DJS (E.D. Mo.), Docket Nos. 654, 681. A review of the record indicates that prior to reassigning the case to Judge Jackson, Judge Stohr made specific findings of facts regarding the drug calculations.

On November 22, 2010, Judge Stohr found that plaintiff was not entitled to a sentence reduction pursuant to § 3582(c)(2) and the amendments to the sentencing guidelines because he was not sentenced based on any amounts of crack cocaine. *Id.*; Docket No. 672. Rather, Judge Stohr found:

1. Defendant was involved in a large drug conspiracy involving cocaine and cocaine base.

2. Defendant's role in the conspiracy was to supply large quantities of cocaine to several of his co-defendants, who then cooked the powder cocaine into crack cocaine to be sold.

3. During the course of the conspiracy, defendant was responsible for the distribution of between fifteen and fifty kilograms of cocaine.

4. Pursuant to the parties' negotiated sentencing recommendation, the Court sentenced defendant based on his stipulated responsibility for between fifteen and fifty kilograms of cocaine.

---

[2]To the extent plaintiff asserts that his sentencing judge was the Honorable Donald J. Stohr rather than Carol E. Jackson, a review of the record shows that plaintiff is correct. The Court will correct the record.

5. The amount of cocaine for which defendant was sentenced was agreed upon by the parties based on the evidence gathered during the long investigation and was not the result of a calculation or conversion of amounts of crack cocaine into powder cocaine.

6. Pursuant to the parties' negotiated sentencing recommendation, the Court did not sentence defendant based on any quantity of crack cocaine.

*Id.* at Docket No. 672.

It is unclear whether plaintiff intends his pro se motions for reconsideration to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b); s*ee also Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65, 168–69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than twenty-eight (28) days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

3

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

After reviewing the arguments made by plaintiff in his motions for reconsideration, the Court finds that there are no grounds for granting relief under either Rule 59(e) or 60(b). Plaintiff's motions fail to point to any mistake, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's judgment. Instead, his motions mostly revisit the same arguments made in plaintiff's complaint, as well as his prior suits before this Court. There are no exceptional circumstances here that justify extraordinary relief. The Court declines to provide plaintiff with relief from final judgment in this matter. Plaintiff is therefore not entitled to reconsideration of the dismissal of his complaint, and his motions will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for reconsideration [ECF Nos. 10 and 11] are **DENIED**.

**IT IS HEREBY ORDERED** that the Court shall correct the record in this action to reflect that Judge Carol Jackson was not plaintiff's sentencing Judge in *United States v. Goodwin*, 4:01CR173 DJS (E.D. Mo.). Judge Jackson entered her appearance in plaintiff's criminal case on or about January 18, 2011.

**IT IS FURTHER ORDERED** that the Clerk shall return to plaintiff any additional documents that are not connected with the filing of an appeal.

Dated this 19th day of May, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE